UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER MOSQUEDA, | ) | NO. EDCV 09-1393 SS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Christopher Mosqueda ("Plaintiff") brings this action seeking to reverse and remand the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI") benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

\\

**PROCEDURAL HISTORY**

On June 30, 2004, Plaintiff filed an application for SSI benefits alleging a disability beginning on August 1, 1998. (Administrative Record ("AR") 38-41). This application was denied on August 27, 2004, and again upon reconsideration on October 8, 2004. (AR 42, 49). Plaintiff then requested a hearing, which was held before Administrative Law Judge ("ALJ") F. Keith Varni on September 26, 2005. (AR 20, 54). Plaintiff appeared with counsel and testified. (AR 202-05). Mary Mosquda, Plaintiff's mother, also testified at the hearing. (AR 206-09).

On December 9, 2005, the ALJ issued a decision denying benefits. (AR 17-25). Plaintiff sought and was granted review of this decision before the Appeals Council. (AR 16). On March 8, 2006, the Appeals Council remanded the case to the ALJ for further proceedings. (AR 12). The Appeals Council instructed the ALJ to evaluate Plaintiff's mental impairment "in accordance with the special technique described in 20 C.F.R. § 416.920a," develop the record regarding Plaintiff's mental condition and give further consideration to Plaintiff's residual functional capacity ("RFC"). (AR 13-14).

Thereafter, Plaintiff appeared and testified at a March 21, 2007 hearing before the ALJ. (AR 364-79). Vocational Expert Troy Scott (the "VE") also testified. (AR 380-82). On April 4, 2007, the ALJ issued a decision denying benefits. (AR 215-24). Thereafter, Plaintiff requested a review of the hearing decision, which was denied by the

Appeals Council on June 26, 2009. (AR 211-13). Plaintiff filed the instant action on July 29, 2009. Pursuant to the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on May 14, 2010.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

>   (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.
>   (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.
>   (4) Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.
>   (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC,[2] age, education and work experience.  Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1).  The Commissioner may do so by the

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. § 416.945(a).

testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date of his disability. (AR 220). At step two, the ALJ found that Plaintiff did not have any severe physical impairments. (Id.). However, the ALJ found that Plaintiff suffered from depression, a personality disorder, and a history of drug and alcohol abuse. (Id.). The ALJ noted Dr. Linda Smith's observations of Plaintiff, including her statement that Plaintiff was "far less than a reliable historian or credible in his presentation and in his complaints" and "not impaired from a psychiatric standpoint." (AR 222). The ALJ also stated that "there was no evidence at all of the amount of 'severe' [mental] problems that are mentioned . . . [by] Dr. Kunan." (Id.). Nevertheless, the ALJ characterized Plaintiff's mental impairments as "severe" at step two. (AR 220).

\\
\\
\\
\\

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 220). At step four, the ALJ determined that Plaintiff had no past relevant work, a limited education, the ability to communicate in English, and, at 32, was a "younger individual." (AR 223).

At step five, the ALJ found that based on Plaintiff's age, educational background, work experience, RFC, and testimony by a vocational expert, there are a significant number of jobs in the national economy that Plaintiff can perform, including work as an automobile cleaner, building cleaner, or dishwasher. (Id.). Accordingly, the ALJ found that Plaintiff was not disabled. (AR 215, 224).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports

a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the ALJ failed to evaluate Plaintiff's mental impairment using the special technique described in 20 C.F.R. § 416.920a. (Jt. Stip. at 3). Plaintiff further claims that the ALJ did not properly consider the findings of the State Agency psychiatrist and did not pose a complete hypothetical to the Vocational Expert. (Id. at 9, 13). Finally, Plaintiff claims that the ALJ erred in finding that Plaintiff could perform work in the national economy. (Id. at 15).

The Court agrees with Plaintiff's first claim and therefore does not reach his other three claims. For the reasons discussed below, the Court finds that the ALJ's decision should be reversed and this action remanded for further proceedings.

\\
\\
\\
\\
\\
\\

7

**The ALJ Failed To Follow The Regulations For Evaluating The Severity Of Mental Impairments**

Plaintiff claims that the ALJ failed to evaluate Plaintiff's mental impairment in accordance with the Social Security Regulations. (Jt. Stip. at 3). Specifically, Plaintiff contends that the ALJ erred by not applying the "special technique" described in 20 C.F.R. § 416.920a. Id. This Court agrees.

When a plaintiff raises a colorable claim of mental impairment, the ALJ must follow a "special technique" to evaluate the plaintiff's limitations. 20 C.F.R. § 416.920a (2006) ("[W]e must follow a special technique at each level in the administrative review process"). The ALJ must evaluate the plaintiff's claims and incorporate the pertinent findings and conclusions into his decision. Id. ("The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas."). If the claimant has a medically determinable impairment, the ALJ must "rate the degree of functional limitation resulting from the impairment(s)" for the four broad functional areas: activities of daily living; social functioning; concentration, persistence and pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(b)(2), (c)(3).

\\
\\
\\

An ALJ's failure to follow the required procedure mandates remand if the claimant has a "colorable claim of a mental impairment." Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2002) (holding that, where there is a colorable claim of mental impairment, the ALJ must strictly follow regulations for evaluating mental impairment); see also Selassie v. Barnhart, 203 Fed. App'x 174, 176 (9th Cir. 2006) ("Specifically, the regulation requires the ALJ's decision to 'include a specific finding as to the degree of limitation in each of the functional areas described' in the regulation") (citing 20 C.F.R. § 404.1520a(e)(2)); Behn v. Barnhart, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006) (remanding for the ALJ's failure to analyze the plaintiff's functional limitations). A colorable claim is one which is not "wholly insubstantial, immaterial, or frivolous." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Amendments to the Social Security regulations since Gutierrez have given the ALJ greater discretion in deciding how to publish the mandated findings, but even the amended version requires the ALJ to follow the "special technique," "document application of the technique in the decision," and include specific findings "as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e). This Court will only consider the ALJ's failure to do so harmless error if this failure is "inconsequential" to the ALJ's ultimate decision. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).

Plaintiff has a colorable claim of mental impairment. Not only do two separate medical experts support Plaintiff's claim of mental impairment, (AR 164, 195-96) but the ALJ himself found that Plaintiff has "severe" mental impairments including depression, a personality

9

disorder, and "a history of substance abuse." (AR 220). The ALJ states that these mental impairments are severe enough to impede Plaintiff's "ability to perform all or substantially all of the requirements of work at any level." (AR 223). Because Plaintiff presents a colorable claim of mental impairment, the ALJ must follow the special technique to evaluate the degree of Plaintiff's limitation in each of the functional areas. <u>Gutierrez</u>, 199 F.3d at 1051.

It is undisputed that the ALJ's decision does not include specific findings related to the four functional areas described in the regulations. (Jt. Stip. at 8) ("Admittedly, the ALJ did not specify the degree of Plaintiff's limitations in the four broad functional areas . . . ."). The Commissioner argues that this error was harmless, because even if the ALJ had applied the technique, he would have arrived at the same conclusion and found that Plaintiff did not meet a listing-level impairment. (<u>Id.</u>). The Commissioner cites <u>Gunderson v. Astrue</u>, 2010 WL 1041443 at *1 (9th Cir. March 22, 2010), to support this proposition, relying upon the Court's statement that "in certain circumstances, the failure to explicitly use the special technique may constitute harmless error." (Jt. Stip. at 9).

However, the Commissioner's reliance upon this decision is misplaced. In <u>Gunderson</u>, the court specifically found remand necessary despite the Plaintiff's concession that even if the ALJ had adhered to the requirements of the special technique, the plaintiff could not meet a listing-level impairment at step three. <u>Gunderson</u>, 2010 WL 1041443 at *3. Remand was required because it was "not clear whether the ALJ would have arrived at the same conclusion regarding [the plaintiff's]

residual functional capacity (RFC) to perform work had the ALJ adhered to the requirements of section 404.1520a." Id. at *1.

In this case, it is similarly impossible to determine whether the ALJ would have arrived at the same conclusion regarding Plaintiff's RFC had the ALJ followed the special technique. See Gunderson, 2010 WL 1041443 at *3. Effective review by this Court is frustrated by the ALJ's failure to adhere to the regulations. Because the decision contains no specific findings regarding Plaintiff's degree of limitation in the four functional areas by which disabling conditions are rated, the Court "cannot determine whether there is substantial evidence for the ALJ's conclusion that [Plaintiff's] impairment, while severe, was not as severe as any listed disabling condition." Kohler v. Astrue, 546 F.3d 260, 267-68 (2d Cir. 2008) (citing Gutierrez, 199 F.3d at 1051). Therefore, the failure to use the special technique was not harmless here.

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). Here, remand will allow the ALJ to evaluate Plaintiff's mental impairment using the procedures set out in 20 C.F.R. § 1520a and perform the subsequent steps of the analytical process in light of the new mental impairment evaluation. See Gutierrez, 199 F.3d at 1051.

\\
\\
\\
\\

11

**CONCLUSION**

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 30, 2010


                                        _____/S/_____
                                           SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE